## CATLIN V. GLOVER.

The facts that are *well pleaded* only are to be taken for true on general demurrer.

The mere use of a person's name as trustee is not sufficient to raise an implied promise on the part of the beneficiary to pay him a sum of money as commissions or otherwise.

Allegations that "the plaintiff attended to the duties imposed on him by said trust, and to the interest of said defendant in that behalf, to the best of his judgment and in compliance with the instructions of said defendant," and that "he ought to have and recover" the sum demanded "as his reasonable commissions for his care, trouble, attention, and responsibility in that behalf:" *Held* to be insufficient, even on a general demurrer.

The object of the petition is to inform the court and the defendant of the facts which constitute the plaintiff's cause of action; therefore general expressions, independent of time, place, or circumstances, are not sufficient.

Where a general demurrer to the petition is sustained, and the plaintiff does not ask leave to amend, final judgment for the defendant should be entered.

Appeal from Austin. The appellant brought suit against the appellee for the recovery of a sum of money. The petition alleges that the defendant is indebted to the plaintiff in the sum of $272.76, and states the cause of action as follows, viz: "That on the 1st day of March, A. D. 1844, one William E. Crump, being in debt to the said Glover in the sum of four thousand five hundred and twenty and 96-100 dollars, executed and delivered a deed of trust on certain property therein mentioned, to secure the payment thereof, in which deed said petitioner was trustee, with the power and authority and rights usually conferred in such cases; and that he, the said plaintiff, attended to the duties imposed on him by said trust-deed, and to the interest of said Glover in that behalf, to the best of his judgment, and in compliance with the instructions of said Glover, from the time of making said trust-deed as aforesaid until afterwards, to wit, the 1st day of October, A. D. 1846, about which time, or at some time not known to your petitioner, the said William E. Crump settled the said [152] debt secured in said trust-deed with the said Glover. The premises considered, your petitioner says that he ought to have and recover the said sum of two hundred and seventy-two 76-100 dollars from said defendant as his reasonable commissions for his care, trouble, attention, and responsibility in that behalf."

The defendant excepted to the legal sufficiency of the petition. The exceptions were sustained and the case dismissed, and the plaintiff appealed.

*Munger*, for appellant. The petition disclosed a good cause of action if the facts stated were true, which depended upon the evidence adduced, which was admitted by the demurrer. (3 U. S. Dig., 598, art. 144; Guild v. Holbrock, 11 Pick. R., 101.)

*Willie*, for appellee. There was no sufficient cause of action stated in the petition. The mere use of the plaintiff's name did not entitle him to commissions. If he had actually become entitled to compensation by performing labor or rendering service in the collection of the money, he should have stated distinctly of what nature the labor was, in what the service consisted.

WHEELER, J. The question presented by the record is as to the legal sufficiency of the petition.

It is true, as insisted for the appellant, that for the purpose of considering the exceptions to the petition, it is to be taken, as to every fact well pleaded, to be true; but it is only the facts *well pleaded* which are admitted by the exception. Are there, then, in this petition *facts pleaded* which disclose a contract or promise on the part of the defendant, either express or implied, to pay to the plaintiff the money claimed?

There is no averment of an express promise; and it is evident that the mere fact of naming the plaintiff in a deed of trust in which the defendant was the the beneficiary is not of [153] itself sufficient to raise an implied promise on

the part of the latter to pay the former a sum of money as commissions or otherwise. If a promise can be implied in this case, it must be from the averments that the plaintiff "attended to the duties imposed on him by said trust, and to the interest of said Glover in that behalf, to the best of his judgment and in compliance with the instructions of said Glover," and that "he ought to have and recover" the sum demanded as his reasonable commissions for his care, trouble, attention, and responsibility in that behalf." But what fact is here stated from which a promise may be implied? What duties were imposed on the plaintiff by the trust? In what respect did he attend to the interests of the defendant? And in compliance with what instructions? In what did his "care, trouble, attention, and responsibility" consist? We are not informed by the petition. If facts susceptible of proof existed, they were the proper subject of averment, and should have been alleged to apprise the defendant of the proofs intended to be introduced. If it be essentially the object of pleading to apprise the court and the opposite party of the facts intended to be relied on in evidence, it is manifest that that object has not been attained in the present case.

The court, in our opinion, did not err in adjudging the petition insufficient; and as the plaintiff declined to amend, the judgment must be affirmed.

Judgment affirmed.

